Cliff Palefsky (SBN 77683)
Keith Ehrman (SBN 106985)
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202
CP@mhpsf.com
keith@mhpsf.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY WOMACK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AASONN LLC, a corporation,<br><br>　　　　Defendant | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>[JURY TRIAL DEMANDED] |

COMPLAINT FOR BREACH OF CONTRACT

1. This is a breach of contract action brought by Plaintiff RANDY WOMACK ("Womack" or "Plaintiff") against his former employer, AASONN LLC ("Aasonn" or "Defendant"). Womack served as Aasonn's Chief Executive Offer between approximately October 2014 and January 2017. After Aasonn terminated Womack, the parties entered into a Separation Agreement, pursuant to which Aasonn was obligated to pay Womack certain bonus compensation in connection with Aasonn's performance during the 2016 fiscal year. This bonus compensation was to be paid to Womack in March 2017. However, Aasonn subsequently failed and refused to pay Womack any of the bonus compensation he was owed under the terms of the Separation Agreement.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), as Plaintiff Womack is a citizen of California, while Defendant Aasonn has its corporate headquarters in Illinois and is incorporated under the laws of Delaware. The dollar amount in controversy is in excess of $75,000.

3. The Northern District of California has personal jurisdiction over Defendant Aasonn, because Aasonn did business and continues to do business in this district, and because many of the acts complained of occurred in this district and gave rise to the claims alleged.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(b) and (c) because Defendant Aasonn does business in this district and because a substantial number of the events alleged occurred in this district.

## PARTIES

5. Plaintiff Randy Womack is a former employee of Defendant Aasonn. At all relevant times, Womack was (and still is) a resident of Woodside, California. At all relevant times, Plaintiff was employed by Defendant in San Mateo County, California.

6. Defendant Aasonn LLC is a corporation incorporated in the State of Delaware, with its principal place of business and corporate headquarters located in Naperville, Illinois. At all relevant times, Aasonn was doing business in California, and had employees in California. Aasonn is in the business of developing and providing cloud-based human resource management services

for businesses.

## GENERAL FACTS AND ALLEGATIONS

7. In October 2014, Womack was hired by Aasonn to serve as Aasonn's Chief Executive Officer. Womack was employed pursuant to an employment contract which was partly written, partly oral and partly implied ("the Employment Contract"). Under the terms of the Employment Contract, Womack was entitled to a base salary of $250,000 and an annual bonus of up to 100% of Womack's annual base salary. The exact amount of Womack's annual bonus was to be determined based upon the degree to which certain performance goals had been attained during the relevant fiscal year. The specific performance goals, and the percentage weight to be assigned to each performance goal in determining the amount of Womack's annual bonus, were to be set at the start of each year. Aasonn's fiscal year ran from January 1 to December 31.

8. Womack was employed by Aasonn as its Chief Executive Officer between October 2014 and January 2017. In the first half of 2016, in connection with Womack's annual bonus opportunity for fiscal year 2016, Aasonn presented Womack with the relevant performance goals for 2016 and the percentage weight to be assigned to each performance goal for purposes of calculating Womack's annual bonus for fiscal year 2016. Womack's annual bonus for fiscal year 2016 was to be paid no later than March 2017.

9. In January 2017, Aasonn terminated Womack's employment. In January 2017, in connection with Aasson's termination of Womack's employment, the parties entered into a Separation Agreement ("the Separation Agreement"). The terms of the Separation Agreement were set forth in a written document titled "Separation and General Release Agreement" which was signed by Womack and Aasonn on approximately January 9, 2017.

10. Pursuant to the terms of the Separation Agreement, Aasonn was obligated to pay Womack his annual bonus for fiscal year 2016, based on actual performance against criteria previously established by Aasonn for determining Womack's 2016 bonus. Pursuant to the terms of the Separation Agreement, Aasonn was obligated to pay Womack his fiscal year 2016 bonus in March 2017.

11. Aasonn's 2016 fiscal year ended on December 31, 2016. Under the terms of the

Separation Agreement, based on Womack's and Aasonn's level of actual attainment against the performance goals which Aasonn had established in 2016 for purposes of determining Womack's annual bonus, and based on the weight assigned to each of the performance goals, Womack was entitled to receive a substantial bonus payment from Aasonn in March 2017. Womack estimated that his bonus payment should be in excess of $200,000. However, in March 2017, Aasonn failed and refused to pay Womack any bonus compensation whatsoever. Aasonn thereby breached the Separation Agreement.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

12. Plaintiff incorporates by reference herein, as though fully set forth, the allegations in Paragraphs 1 through 11.

13. Plaintiff and Defendant entered into a written contract (the Separation Agreement) in January 2017. As set forth above, under the terms of the Separation Agreement, Defendant was obligated to pay Plaintiff substantial bonus compensation in March 2017. Defendant has failed and refused to pay Plaintiff any of the bonus compensation due and owing to Plaintiff under the terms of the Separation Agreement.

14. In doing the acts and omissions set forth above, Defendant breached the Separation Agreement. As a result of Defendant's breach of contract, Plaintiff has suffered damages in an amount in excess of the jurisdictional limits of this Court.

15. Plaintiff has performed all of the covenants and obligations on his part to be performed, except for those which had been excused or made impossible by Defendant's conduct.

16. The Separation Agreement contained an implied covenant of good faith and fair dealing, pursuant to which the parties were obligated to deal fairly and in good faith with each other. Pursuant to this covenant of good faith and fair dealing, no party may engage in conduct for the purpose of depriving the other party of the benefits of the contract.

17. The covenant of good faith and fair dealing which was contained in the Separation Agreement requires that, to the extent either party is entitled to exercise discretion in carrying out its covenants and obligations under the contract, that party must exercise its discretion in good

faith. To the extent that Defendant was entitled to exercise any discretion under the Separation Agreement in determining the extent to which Womack's performance goals had been attained for fiscal year 2016 for purposes of determining the amount of Womack's bonus, Defendant was obligated to exercise that discretion in good faith. To the extent that Defendant was entitled to exercise any discretion under Separation Agreement in determining the extent to which Womack's performance goals had been attained for fiscal year 2016 for purposes of determining Womack's bonus, Defendant deliberately exercised that discretion in bad faith and made its determinations with the intent and purpose of depriving Womack of bonus compensation.

18. In doing the acts and omissions set forth above, Defendant breached the covenant of good faith and fair dealing contained in the Separation Agreement, and Defendant thereby further breached the Separation Agreement. As a result of Defendant's breach of contract, Plaintiff has suffered damages in an amount in excess of the jurisdictional limits of this Court.

19. Plaintiff has performed all of the covenants and obligations on his part to be performed, except for those which had been excused or made impossible by Defendant's conduct.

WHEREFORE, Plaintiff prays for judgment as follows:

**PRAYER FOR RELIEF**

1. For general damages according to proof;
2. For special damages according to proof;
3. For attorneys fees pursuant to Labor Code Section 218.5;
4. For interest as allowed by law;
5. For costs of suit herein incurred;
6. For such other and further relief as the Court deems just and appropriate.

Dated: June 7, 2017

                         **MCGUINN, HILLSMAN & PALEFSKY**
                         CLIFF PALEFSKY
                         KEITH EHRMAN

                By:    /s/ Cliff Palefsky
                        CLIFF PALEFSKY

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

COMPLAINT FOR BREACH OF CONTRACT     5