UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY WOMACK,<br><br>    Plaintiff,<br><br>    v.<br><br>AASONN LLC,<br><br>    Defendant. | Case No. 17-cv-03276-SI<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 11 |

Plaintiff Randy Womack, a citizen of California, brings this breach of contract action against defendant Aasonn LLC, his former employer. Complaint (Dkt. No. 1) ¶¶ 1-2. Defendant claims that the parties entered into an Employment Agreement containing a forum selection clause. On that basis, defendant moves to dismiss or, alternatively, transfer venue to the District of Delaware. Dkt. No. 11.

However, before reaching the merits of defendant's motion, the Court must first determine whether it has subject matter jurisdiction over this case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Ex Parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

In the complaint, plaintiff alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Compl. ¶ 2. Jurisdiction founded on diversity of citizenship "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants."

*Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Plaintiff alleges that the parties are of diverse citizenship because he is a citizen of California, and that Aasonn LLC "has its corporate headquarters in Illinois and is incorporated under the laws of Delaware." Compl. ¶ 2. But an LLC is not treated like a corporation for purposes of diversity jurisdiction. In the Ninth Circuit, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *accord NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). Accordingly, the Court ordered defendant to file a statement as to the citizenship of its members in order to determine whether diversity jurisdiction exists. Dkt. No. 23. In response, defendant provided that it has three members: (1) Aasonn Holdings, LLC; (2) LLR Equity Partners IV, L.P.; and (3) LLR Equity Partners Parallel IV, L.P. Dkt. No. 25 at 2.

The first member, Aasonn Holdings, LLC, is a Delaware limited liability company and its principal address is in Illinois. *Id.* It holds a 99.94442% interest in Aasonn, LLC. *Id.* It has 48 members, including citizens of California.[1] *Id.* Therefore, as an LLC, Aasonn Holdings is also a citizen of California. *See Johnson*, 437 F.3d at 899.

Because at least one of defendant's members (Aasonn Holdings, LLC) is deemed to be a citizen of California, defendant is also deemed to be a citizen of California. *Id.* Given that plaintiff and defendant are both citizens of California, there is not complete diversity of citizenship. Nor is there any basis for federal question jurisdiction. Therefore, the Court DISMISSES this case for lack of subject matter jurisdiction, without prejudice to plaintiff's claim being brought in state court or other forum.

**IT IS SO ORDERED**.

Dated: September 8, 2017

SUSAN ILLSTON
United States District Judge

---

[1] The Court held a hearing on September 8, 2017, during which plaintiff stated that he had no basis to question this information.